BEFORE THE SECOND DIVISION, JANUARY 11, 1946

**No. 50811.**—Protest 104200–K of Meadows Wye & Co., Inc. (New York).

Opinion by TILSON, J. The record established that certain items of the merchandise consist of scarves the same in all material respects to those involved in Abstract 50303. Upon the established facts and following the authority cited the merchandise was held dutiable as claimed.

**No. 50812.**—Protests 91552–K, etc., of Cisco, Inc., et al. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JANUARY 11, 1946

**No. 50813.**—Protests 100071–K, etc., of R. Dixon & Co., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and the decisions cited, the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for cheese similar in all material respects either to the Romano, Pecorino Romano Sardo, Provolone, or Sbrinz cheese the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), or to the Gouda cheese involved in Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese which was the subject of *Scaramelli* v. *United States, supra*. The protests were sustained to this extent.